Mr. Justice Gantt
delivered the opinion of the Court.
On the first ground, I will remarle that it was a question entirely for the consideration of the' jury; nor can the Court discover any reason to be dissatisfied, that the find *99 ing of tbe jury was in eoniorihity with the charge of the presiding judge.
It appears by the evidence, that on the 14th of Novem- ' her, 1808, Montague Simons gave to John S. Walter, a re ceipt for §5136 68, amount of four bales of cotton, and it was expressed in the body of the receipt to have been paid on account of this judgment. On the same day, he toolc from Walter a receipt for the same amount for cotton sold. Now, it may be asked, why,was not the receipt giv» en by Simons to Walter taken up by the plaintiff’s testator, if indeed it was on account of the same four bales of cotton which had been paid for in cash ? These receipts may be considered as properly consistent with each other. Other four bales of cotton may have been sold by the defendant’s testator atone and the same time, with those paid in part of the judgment; or the plaintiff’s testator may, by taking the receipt he did, have intended it as a collateral security •against .any demand to be made against him, pn account of cotton that day sold to him'.
The testimony was submitted to the jury in the charge of the presiding Judge, and they were told that it was a question entirely for their consideration., .
Upon the second ground taken in the brief, I perfectly coincide with the opinion entertained by the Court, that a new trial should be granted.
Where money is paid by mistake, as in this case, interest can only be allowed from a demand and refusal. It is not allowed on money lent, (15 East, 223 ;) and there is less .reason perhaps for saying that it should be allowed, where the-person advancing it, does so upon supposition that it be» longs of right to the person to whom the payment is made; In that light it ought to be- considered until the error is .detected, and a demand is made.
This view taken of the second ground in the brief supersedes the necessity of making apy comments, upon the-last ground.
The motion for a new trial must prevail^.
Grimke, fur the motion.
Singleton and Clark, contra.
Justices Colcock, .Richa'i dson, and Huger f concurred..